UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CASSIE MARIE GREEN,

                        Plaintiff,

      v.

ANDREW M. SAUL,[1] Commissioner of
Social Security,

                        Defendant.
_____

**DECISION
and
ORDER**

**19-CV-00048-LGF
(consent)**

APPEARANCES:        LAW OFFICES OF KENNETH R. HILLER
                            Attorneys for Plaintiff
                            KENNETH R. HILLER, and
                            JUSTIN GOLDSTEIN, of Counsel
                            6000 Bailey Avenue
                            Suite 1A
                            Amherst, New York 14226

                            JAMES P. KENNEDY, JR.
                            UNITED STATES ATTORNEY
                            Attorney for Defendant
                            Federal Centre
                            138 Delaware Avenue
                            Buffalo, New York 14202
                                and
                            ELIZABETH ROTHSTEIN
                            Special Assistant United States Attorney, of Counsel
                            Social Security Administration
                            Office of the General Counsel, of Counsel
                            26 Federal Plaza, Room 3904
                            New York, New York 10278
                                and

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and pursuant to Rule 25(d) of the Federal Rules of Civil Procedure is automatically substituted as the defendant in this suit with no further action required to continue the action.

ELLEN E. SOVERN
Office of the General Counsel
Social Security Administration
Office of the General Counsel
601 E. 12th Street, Room 965
Kansas City, MO 64106, and

## JURISDICTION

On April 7, 2020, this case was reassigned to the undersigned before whom the parties consented pursuant to 28 U.S.C. § 636(c) to proceed in accordance with this Court's June 29, 2018 Standing Order.  (Dkt. No. 14).  The court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g).  The matter is presently before the court on motions for judgment on the pleadings, filed on August 19, 2019, by Plaintiff (Dkt. No. 7), and on November 18, 2019, by Defendant (Dkt. No. 10).

## BACKGROUND and FACTS

Plaintiff Cassie Marie Green ("Plaintiff"), brings this action pursuant to the Social Security Act ("the Act"), seeking review of the Commissioner of Social Security ("the Commissioner" or "Defendant") decision denying her application for disability benefits for Supplemental Security Income ("SSI") benefits under Title II of the Act ("disability benefits").  Plaintiff, born on May 21, 1989 (R. 16),[2] completed one year of college and vocational training as a certified nurse's aide ("CNA"), alleges that she became disabled on December 22, 2014, when she stopped working as a result of a hemangiomas (benign masses) in her liver, herniated lumbar and thoracic discs, chronic abdominal

---

[2] "R" references are to the pages of the Administrative Record electronically filed by Defendant on June 18, 2019 (Dkt. No. 6).

2

pain, history of right tibia surgery, and depression. (R. 164-76). Plaintiff's application for a closed period of disability from December 22, 2014 to September 1, 2016 (R. 42), was initially denied by Defendant on October 9, 2014 (R. 272). Pursuant to Plaintiff's request, a hearing was held before Administrative Law Judge Michael Carr ("Judge Carr" or "the ALJ") on June 20, 2017, via videoconference in Falls Church, Virginia and Buffalo, New York, where Plaintiff, represented by Jonathan Emden, Esq. ("Emden") appeared and testified. (R. 33-70). Vocational Expert Jane Beougher ("the VE" or "VE Beougher"), also appeared and testified. The ALJ's decision denying Plaintiff's claim was rendered on February 9, 2018. (R. 7-25). Plaintiff requested review by the Appeals Council, and on November 9, 2018, the ALJ's decision became Defendant's final decision when the Appeals Council denied Plaintiff's request for review. (R. 1-4). This action followed on January 8, 2019, with Plaintiff alleging that the ALJ erred by failing to find her disabled. (Dkt. No. 1).

On August 19, 2019, Plaintiff filed a motion for judgment on the pleadings ("Plaintiff's motion"), accompanied by a memorandum of law (Dkt. No. 7-1) ("Plaintiff's Memorandum"). Defendant filed, on November 18, 2019, Defendant's motion for judgment on the pleadings ("Defendant's motion"), accompanied by a memorandum of law (Dkt. No. 10-1) ("Defendant's Memorandum"). On January 6, 2020, Plaintiff filed a reply to Defendant's memorandum ("Plaintiff's Reply"). (Dkt. No. 13). Oral argument was deemed unnecessary.

Facts relevant to Plaintiff's closed period of disability include notes from Aston B. Williams, M.D. ("Dr. Williams"), on June 25, 2014 and December 22, 2014, advising Plaintiff not to work until further notice. (R. 318, 439).

On March 19, 2015, Janine Ippolito, Psy.D., ("Dr. Ippolito"), completed a psychiatric evaluation on Plaintiff, noted that Plaintiff reported not working as a result of liver lesions, and diagnosed Plaintiff with generalized anxiety disorder, panic attacks, and depression.  (R. 322-47).

On March 19, 2015, Donna Miller, D.O. ("Dr. Miller"), completed a consultative internal medicine examination on Plaintiff, noted Plaintiff's history of back pain, liver lesions, tibia and fibula fracture, and evaluated Plaintiff with mild-to-moderate limitations to heavy lifting, bending, carrying, pushing and pulling.  (R. 348-52).

On April 6, 2015, general surgeon John L. Butsch, M.D. ("Dr. Butsch"), completed exploratory and liver resection surgery to remove masses from Plaintiff's liver.  (R. 354-57, 366-74).

On April 27, 2015, Dr. Williams prescribed Norco (hydrocodone pain medication) for Plaintiff and referred Plaintiff to pain mangement.  (R. 497-99).

On January 7, 2016, Plaintiff underwent a small bowel X-ray that revealed poor distention (thickening) of Plaintiff's distal antrum (stomach wall).  (R. 538).

On February 11, 2016, Eugene Gosy, M.D. ("Dr. Gosy"), a pain specialist, noted that Plaintiff reported abdominal pain following her liver resection.  (R. 406-07).

## DISCUSSION

A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or the decision is based on legal error.  *See* 42 U.S.C. 405(g); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).  "Substantial evidence" means 'such relevant

4

evidence as a reasonable mind might accept as adequate.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

A.     **Standard and Scope of Judicial Review**

The standard of review for courts reviewing administrative findings regarding disability benefits, 42 U.S.C. §§ 401-34 and 1381-85, is whether the administrative law judge's findings are supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence requires enough evidence that a reasonable person would "accept as adequate to support a conclusion." *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938). When evaluating a claim, the Commissioner must consider "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability (testified to by the claimant and others), and . . . educational background, age and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)). If the opinion of the treating physician is supported by medically acceptable techniques and results from frequent examinations, and the opinion supports the administrative record, the treating physician's opinion will be given controlling weight. *Schisler v. Sullivan*, 3 F.3d 563, 567 (2d Cir. 1993); 20 C.F.R. § 404.1527(d); 20 C.F.R. § 416.927(d). The Commissioner's final determination will be affirmed, absent legal error, if it is supported by substantial evidence. *Dumas,* 712 F.2d at 1550; 42 U.S.C. §§ 405(g) and 1383(c)(3). "Congress has instructed . . . that the

factual findings of the Secretary,[3] if supported by substantial evidence, shall be conclusive."  *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability insurance benefits.  20 C.F.R. §§ 404.1520 and 416.920.  *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982).  The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which benefits are claimed.  20 C.F.R. §§ 404.1520(b) and 416.920(b).  If the claimant is engaged in such activity the inquiry ceases and the claimant is not eligible for disability benefits.  *Id.*  The next step is to determine whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities as defined in the applicable regulations.  20 C.F.R. §§ 404.1520(c) and 416.920(c).  Absent an impairment, the applicant is not eligible for disability benefits.  *Id.*  Third, if there is an impairment and the impairment, or an equivalent, is listed in Appendix 1 of the regulations and meets the duration requirement, the individual is deemed disabled, regardless of the applicant's age, education or work experience, 20 C.F.R. §§ 404.1520(d) and 416.920(d), as, in such a case, there is a presumption the applicant with such an impairment is unable to perform substantial gainful activity.[4]  42 U.S.C. §§ 423(d)(1)(A) and 1382(c)(a)(3)(A); 20 C.F.R. §§ 404.1520 and 416.920.  *See also*

---

[3] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

[4] The applicant must meet the duration requirement which mandates that the impairment must last or be expected to last for at least a twelve-month period.  20 C.F.R. §§ 404.1509 and 416.909.

*Cosme v. Bowen*, 1986 WL 12118, at * 2 (S.D.N.Y. 1986); *Clemente v. Bowen*, 646 F.Supp. 1265, 1270 (S.D.N.Y. 1986).

However, as a fourth step, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" and the demands of any past work. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the applicant can still perform work he or she has done in the past, the applicant will be denied disability benefits. *Id.* Finally, if the applicant is unable to perform any past work, the Commissioner will consider the individual's "residual functional capacity," age, education and past work experience in order to determine whether the applicant can perform any alternative employment. 20 C.F.R. §§ 404.1520(f), 416.920(f). *See also Berry,* 675 F.2d at 467 (where impairment(s) are not among those listed, claimant must show that he is without "the residual functional capacity to perform [her] past work"). If the Commissioner finds that the applicant cannot perform any other work, the applicant is considered disabled and eligible for disability benefits. 20 C.F.R. §§ 404.1520(g), 416.920(g). The applicant bears the burden of proof as to the first four steps, while the Commissioner bears the burden of proof on the final step relating to other employment. *Berry,* 675 F.2d at 467.

In reviewing the administrative finding, the court must follow the five-step analysis and 20 C.F.R. § 416.935(a) ("§ 416.935(a)"), to determine if there was substantial evidence on which the Commissioner based the decision. 20 C.F.R. § 416.935(a); *Richardson*, 402 U.S. at 410.

In this case, the ALJ determined that Plaintiff had the severe impairments of hemangiomus (benign masses) of the liver status-post surgical intervention in 2015, and

7

disorders of the lumbar and thoracic spine.  (R. 12).  The ALJ further determined that Plaintiff's impairments do not meet or medically equal a listed impairment, Plaintiff had the residual functional capacity to perform light work with limitations to occasional climbing of ramps or stairs, balancing, stooping, kneeling, no climbing ladders, ropes, scaffolds or crouching (R. 15), and that Plaintiff was unable to perform Plaintiff's past relevant work as a nurse's aide.  (R. 16).  Plaintiff does not contest the ALJ's findings at steps one through three of the disability review process but contends that the ALJ erred in evaluating Plaintiff's residual functional capacity assessment.

**E.  Residual functional capacity**

Once an ALJ finds a disability claimant does not have a severe medically determinable physical or mental impairment, 20 C.F.R. § § 404.1520(a)(4)(ii), that significantly limits the claimant's physical and mental ability to do work activities, *Berry*, 675 F.2d at 467, and the claimant is not able, based solely on medical evidence, to meet the criteria established for an impairment listed under Appendix 1, the burden shifts to the Commissioner to show that despite the claimant's severe impairment, the claimant has the residual functional capacity to perform alternative work, 20 C.F.R. § 404.1520(a)(4)(iv) and prove that substantial gainful work exists that the claimant is able to perform in light of the claimant's physical capabilities, age, education, experience, and training.  *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980).  To make such a determination, the Commissioner must first show that the applicant's impairment or impairments are such that they nevertheless permit certain basic work activities essential for other employment opportunities.  *Decker v. Harris*, 647 F.2d 291, 294 (2d Cir. 1981).  Specifically, the Commissioner must demonstrate by substantial evidence the applicant's

"residual functional capacity" with regard to the applicant's strength and "exertional capabilities."  *Id.*  An individual's exertional capability refers to the performance of "sedentary," "light," "medium," "heavy," and "very heavy" work.  *Decker*, 647 F.2d at 294.

The Second Circuit requires that all complaints . . . must be considered together in determining . . . work capacity.  *DeLeon v. Secretary of Health and Human Services,* 734 F.2d 930, 937 (2d Cir. 1984).  Once an ALJ finds a disability claimant does not have a severe medically determinable physical or mental impairment, 20 C.F.R. § 404.1520(a)(4)(ii), that significantly limits the claimant's physical and mental ability to do work activities, *Berry*, 675 F.2d at 467, and the claimant is not able, based solely on medical evidence, to meet the criteria established for an impairment listed under Appendix 1, the burden shifts to the Commissioner to show that despite the claimant's severe impairment, the claimant has the residual functional capacity to perform past work, 20 C.F.R. § § 404.1520(a)(4)(iv), and to prove substantial gainful work exists that the claimant is able to perform in light of the claimant's physical capabilities, age, education, experience, and training.  *Parker*, 626 F.2d 225 at 231.  It is improper to determine a claimant's residual work capacity based solely upon an evaluation of the severity of the claimant's individual complaints.  G*old v. Secretary of Health and Human Services*, 463 F.2d 38, 42 (2d Cir. 1972).  To make such a determination, the Commissioner must first show that the applicant's impairment or impairments are such that they permit certain basic work activities essential for other employment opportunities.  *Decker v. Harris*, 647 F.2d 291, 294 (2d Cir. 1981).  Specifically, the Commissioner must demonstrate by substantial evidence the applicant's "residual

9

functional capacity" with regard to the applicant's strength and "exertional capabilities." *Id.* at 294.

An individual's exertional capability refers to the performance of "sedentary," "light," "medium," "heavy," and "very heavy" work. *Decker*, 647 F.2d at 294. In addition, the Commissioner must establish that the claimant's skills are transferrable to the new employment if the claimant was employed in a "semi-skilled" or "skilled" job. *Id.* at 294. This element is particularly important in determining the second prong of the test, whether suitable employment exists in the national economy. *Id.* at 296.

Plaintiff alleges that the ALJ's residual functional capacity assessment of Plaintiff is erroneous, as the ALJ improperly afforded great weight to the opinion of consultative examiner Dr. Miller. Plaintiff's Memorandum at 9. In particular, Plaintiff alleges that Dr. Miller's opinion that Plaintiff had mild to moderate limitations to heavy lifting, bending, carrying, pushing and pulling (R. 352) is overly vague, and that the ALJ's determination to afford great weight to Dr. Miller's opinion is unsupported by substantial evidence in the record. Plaintiff's Memorandum at 10-12. Defendant maintains that the ALJ's decision to afford great weight to Dr. Miller's opinion is consistent with Dr. Miller's benign medical findings, Plaintiff's return to full-time work without any indication that Plaintiff's symptoms had improved, the sporadic nature of Plaintiff's care, and supported by substantial evidence in the record. Defendant's Memorandum at 9-13. In this case, the ALJ's decision to afford great weight to Dr. Miller's opinion that Plaintiff had mild to moderate limitations to heavy lifting, bending, carrying, pushing and pulling (R. 352), is supported by substantial evidence in the record. Dr. Miller's physical examination of Plaintiff showed only slight abdominal tenderness in Plaintiff's lumbar spine and left

10

ankle, normal ability to rise from a chair without difficulty, normal gait and stance, full strength in Plaintiff's upper and lower extremities with no muscle atrophy or sensory deficits, and normal deep tendon reflexes. (R. 350-51). The only additional evidence in the record to support Plaintiff's alleged inability to work during the asserted closed period is two notes by Dr. Williams on (R. 322, 437), indicating that Plaintiff was unable to work, evidence the ALJ properly afforded less weight, as such issues are reserved for the Commissioner. *See* 20 C.F.R. §§ 404.1527(d), 416.927(d) (statements that a claimant is "disabled" or "unable to work" are opinions on issues reserved to the Commissioner). Absent evidence of any additional limitations that would otherwise erode Plaintiff's ability to function, *i.e.,* the ability to perform light work with limitations to occasional climbing ropes or stairs, balancing, stooping, kneeling, no climbing ropes, ladders, or crouching (R. 15), the ALJ's residual functional capacity assessment of Plaintiff is therefore supported by substantial evidence. (R. 16). *See Reynolds v. Commissioner of Social Security*, 2019 WL 2020999, at *4 (W.D.N.Y. May 8, 2019) (the burden to demonstrate functional limitations is the claimant's).

Although Plaintiff correctly asserts, Plaintiff's Memorandum at 10, that vague consultative opinions on a claimant's functional limitations, without more, do not constitute substantial evidence, *see Cunningham v. Colvin*, 2014 WL 6609497, at *6 (W.D.N.Y. Nov. 20, 2014) (ALJ must always give good reasons for the great weight afforded to a medical source opinion), in this case, the ALJ sufficiently supports the weight afforded to Dr. Miller's opinion with Plaintiff's ability to work full-time just before and after Plaintiff's period of disability without evidence of significant improvement in her symptoms, normal physical examinations by Dr. Williams between July 2015 and June

11

2017, and Plaintiff's testimony that she was able to care for her husband and four children and perform activities of daily activities that included cleaning, cooking, sweeping, shopping, laundry and gardening.  (R. 16).  Plaintiff's motion on this issue is therefore without merit and DENIED.

The court declines to discuss Plaintiff's further argument, Plaintiff's Memorandum at 11-13, that the ALJ erred by affording great weight to the findings of Single Decision Maker T. Harding ("SDM Harding").  The ALJ's determination that Plaintiff was capable of performing light work with limitations to occasional climbing ramps and stairs, balancing and kneeling, with no crouching or crawling, includes more restrictive limitations than those indicated by SDM Harding.  Any error resulting from the ALJ's decision to afford great weight to SDM Harding's opinion is therefore harmless. *See Napierala v. Colvin,* 2009 WL 4892319, at *6 (W.D.N.Y. Dec. 11, 2009) (no remand where ALJ erred by affording great weight to opinion of agency-appointed single decision maker where residual functional capacity was supported by substantial evidence).  Plaintiff's motion on this issue is therefore DENIED.

Credibility of Plaintiff's Subjective Complaints

In this case, the ALJ, as required, upon evaluating Plaintiff's impairments under 20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526, determined that although the record established Plaintiff had the severe impairments of hemangiomus liver status-post surgical intervention in 2015, and disorder of the lumbar and thoracic spine (R. 12), Plaintiff's statements concerning the intensity, persistence and limiting effects of Plaintiff's symptoms were not credible to the extent the statements were inconsistent with Plaintiff's other testimony.  (R. 18-9).  The ALJ further based Plaintiff's credibility

assessment on Plaintiff's inconsistent reports of activities of daily living, unremarkable physical examinations, sporadic treatment record, and overall work history.  *Id.*  Plaintiff contends that the ALJ's credibility determination is erroneous as the ALJ improperly summarized medical evidence in the record and relied on an incomplete record.  Plaintiff's Memorandum at 24-26.  Defendant maintains that the ALJ properly assessed Plaintiff's credibility, finding Plaintiff's allegations of pain inconsistent with Plaintiff's activities of daily living, sporadic treatment record, and benign medical findings.  Defendant's Memorandum at 21-24.

It is the function of the ALJ, not the court, to assess the credibility of witnesses.  *See Tankisi v. Commissioner of Social Security*, 521 Fed. Appx. 29, 35 (2d Cir. 2013).  Pain or other symptoms may be important factors contributing to a disability claimant's functional loss and affects a claimant's ability to perform basic work activities where relevant medical signs or laboratory findings show the existence of a medically determinable impairment that could "reasonably" be expected to cause the associated pain or other symptoms complained of by Plaintiff.  20 C.F.R. § 404.1529(c)(3).  "A claimant's testimony is entitled to considerable weight when it is consistent with and supported by objective medical evidence demonstrating that the claimant has a medical impairment which one could reasonably anticipate would produce such symptoms." *Hall v. Astrue*, 677 F.Supp.2d 617, 630 (W.D.N.Y. 2009) (citing *Latham v. Commissioner of Social Security*, 2009 WL 1605414, at *15 (N.D.N.Y. 2009)).

Here, the ALJ's credibility finding on Plaintiff is supported by substantial evidence in the record.  The ALJ included discussion of Plaintiff's reported improvement in her pain symptoms with medication (R. 47-48, 55-56, 61-62, 407), and ability to perform

13

work at sedentary and light exertional levels when her pain medication was working (R. 15-17, 61-62, 194-95). The ALJ's credibility assessment of Plaintiff was based on a thorough discussion of Plaintiff's testimony (R. 17), and Plaintiff's reported activities of daily living (R. 16), is therefore supported by substantial evidence in the record that contradicts Plaintiff's alleged limitations that result from her impairments. Plaintiff's motion for remand on the issues of Plaintiff's credibility is thus without merit and is DENIED. *See Sloan v.* Colvin, 24 F.Supp.3d 315, 328-29 (W.D.N.Y. 2014) (no remand where ALJ evaluated Plaintiff's credibility based on Plaintiff's testimony, activities of daily living and conflicting medical evidence).

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Dkt. No. 7) is DENIED; Defendant's motion (Dkt. No. 10) is GRANTED. The Clerk of the Court is ordered to close the file. SO ORDERED.

/s/ *Leslie G. Foschio*

_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   September 30, 2020
         Buffalo, New York